# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

STEVEN BENKO,

        Petitioner,

v.                                      CIVIL ACTION NO. 5:15-cv-14802
                                           (Criminal No. 5:14-cr-00144)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

On November 6, 2015, the Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 37). By *Standing Order* (Document 38) entered on November 9, 2015, the matter was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On September 6, 2018, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 54) wherein it is recommended that this Court deny the Petitioner's § 2555 motion and dismiss this matter from the docket. As the result of deadline extensions, objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by January 21, 2019. Neither party filed timely objections, and on January 24, 2019, the Court entered a *Memorandum Opinion and Order* (Document 61) adopting the PF&R along with a *Judgment Order* (Document 63) dismissing the motion.

On February 25, 2019, the Petitioner filed a *Motion for Fourth Extension of Time to File Objection to Magistrate Report and Recommendation* (Document 66). He asserted that he was

unable to file timely objections because of transfers and delayed access to his property, including materials related to this case. On July 23, 2019, the Court entered an order permitting the Petitioner to submit objections for the Court's consideration. On August 8, 2019, the Petitioner submitted documents entitled *Memorandum of Law in Support of the Motion for Writ of Habeas Corpus* (Document 68) and *Additional Facts in Support of Objection* (Document 69), hereinafter referred to collectively as objections.

The Court finds that the Petitioner set forth good cause for permitting objections to be filed out of time, and the previous opinion and judgment order will be vacated. However, following careful consideration, the Court finds that the objections should be overruled, and the PF&R adopted.

## FACTS

The Petitioner, Steven Benko, pled guilty to distribution of a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1) on September 10, 2014. The Court imposed a sentence of 84 months of incarceration on January 14, 2015. Mr. Benko's sentencing guideline range was 151 to 188 months as a result of application of the career offender enhancement contained in Section 4B1.1 of the United States Sentencing Guidelines. Absent that enhancement, his Guideline range would have been 24-30 months. The prior convictions that constituted predicates for application of the career offender enhancement were an April 29, 2005 Florida conviction for Aggravated Assault of a Law Enforcement Officer, and a July 7, 2010 Florida conviction for Possession of Oxycodone with Intent to Distribute.

Mr. Benko did not appeal his sentence or conviction. He filed this motion pursuant to Section 2255 on November 6, 2015.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Magistrate Judge explained that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2552 (2015) does not extend to challenges to the application of the career offender sentencing enhancement. Mr. Benko argues that he is entitled to relief because his conviction for aggravated assault does not constitute a crime of violence under current law. Therefore, he contends that he should not be subject to the career offender enhancement.

In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act, defining violent felonies to include a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2555-57 (2015). The Supreme Court subsequently held that *Johnson's* reasoning was not applicable to challenges to the similar definition of a crime of violence contained

in the advisory sentencing guidelines, given that the Guidelines "merely guide the district courts' discretion." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017).

Because *Johnson* does not provide an avenue for relief for challenges to application of the career offender guideline, it is unnecessary to determine whether Mr. Benko's Florida aggravated assault conviction constitutes a crime of violence without reliance on the residual clause. His objections must be overruled, and his § 2255 Petition should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Memorandum Opinion and Order* (Document 61) and *Judgment Order* (Document 63) previously entered be **VACATED** to permit consideration of the Petitioner's objections. The Court further **ORDERS** that the *Memorandum of Law in Support of the Motion for Writ of Habeas Corpus* (Document 68) and *Additional Facts in Support of Objection* (Document 69) be **OVERRULED**. The Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that the Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 37) be **DENIED**, and that this matter be **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented party.

ENTER: October 8, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA